**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAMBERT GEORGE CHAMBERS,

Plaintiff - Appellant,

v.

J. DANE, Correctional Officer; et al.,

Defendants - Appellees.

No. 11-15068

D.C. No. 3:09-cv-01382-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Lambert George Chambers, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a dismissal on statute of limitations grounds, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Chambers's action as barred by the applicable two-year statute of limitations because, at the latest, his claims were tolled until his administrative proceedings ended in January 2007, and he did not file this action until May 2009. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Cholla Ready Mix*, 382 F.3d at 974 (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). Chambers has not asserted any basis for equitable tolling or equitable estoppel. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (discussing grounds for tolling or estoppel).

The district court did not abuse its discretion by denying Chambers's motion for reconsideration because Chambers failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing denial of reconsideration under Fed. R. Civ. P. 59(e) and 60(b) for an abuse of discretion and setting forth requirements).

Chambers's remaining contentions are unpersuasive.

Chambers's motion to proceed, filed on April 16, 2012, is denied as unnecessary.

**AFFIRMED.**